UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD B. KEENE,<br><br>            Plaintiff,<br><br>v.<br><br>CLARK COUNTRY SCHOOL DISTRICT, a political subdivision of the State of Nevada; and the BOARD OF TRUSTEES OF THE CLARK COUNTRY SCHOOL DISTRICT, in their official capacities,<br><br>            Defendants. | Case No. 2:14-cv-381-APG-PAL<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>(Dkt. #13) |

Plaintiff Richard Keene, who is an Army reservist, alleges that the Clark County School District mistreated and fired him because he requested military leave. Keene contends that the School District thereby violated the Uniformed Services Employment and Employment Rights Act (USERRA), a federal law that protects members of the military from being discriminated against at work and requires employers to rehire them after they return from active duty. Defendants have moved to dismiss Keene's claims, arguing that they are barred by the four-year statute of limitations period that applies to claims based on USERRA violations that occurred prior to October 2008. (Dkt. #13.) Keene, who alleges USERRA violations that occurred beginning in April of 2008, argues that the four-year statute of limitations does not apply to his claims.

I agree with Defendants that USERRA claims based on actions that occurred prior to October of 2008 are governed by the federal four-year limitations period set forth in 28 U.S.C. § 1658. But I also find that Keene's claims survive because of a tolling provision in the Servicemembers Civil Relief Act. Finally, I dismiss Keene's fourth cause of action—a request for liquidated damages—because it is, as pleaded, merely a prayer for relief. Accordingly, Defendants' partial motion to dismiss is denied in part and granted in part.

DISCUSSION

I.  **Statute of Limitations**

Most claims arising under federal law are governed by the four-year limitations period contained in 28 U.S.C. § 1658. On October 10, 2008, Congress amended USERRA to prohibit the application of all statutes of limitations to claims arising under USERRA.[1] But Congress was silent as to whether this amendment applies retroactively. The Ninth Circuit has not yet considered whether 28 U.S.C. § 1658's four-year statute of limitations applies to claims of USERRA violations that occurred prior to that amendment. Courts in other circuits, however, appear to have reached a consensus: "Congress enacted USERRA nearly four years after enacting § 1658, and it did not include in USERRA a statute of limitations or a provision that no limitations period should apply. Accordingly, USERRA is subject to § 1658."[3] Courts similarly agree that the amendments Congress made to USERRA on October 10, 2008 "stopped short of bestowing retroactive effect upon the new law."[4]

---

[1] Congress added § 4327(b), which states: "If any person seeks to file a complaint or claim with . . . a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim."

[3] *Middleton v. City of Chicago*, 578 F.3d 655, 665 (7th Cir. 2009). See *Tully v. County of Nassau*, No.11-cv-2633, 2012 WL 487007, at *7 (E.D.N.Y. Feb 14, 2012) ("As a result, the Court agrees with those courts that have found that USERRA claims arising before the enactment of the VBIA in October 2008 were subject to the four-year limitations period in section 1658.") (citations omitted); *Moore v. United Air Lines, Inc.*, No. 10-cv-02100, 2011 WL 2144629, at *4 (D. Colo. May 31, 2011) ("I reject Plaintiff's arguments, and find that his claims are barred by the four-year limitations period in 28 U.S.C. § 1658(a) when his claim accrued."); *Baldwin v. City of Greensboro*, No. 1:09-cv-742, 2012 WL 1405789, at *6 (M.D.N.C. Mar. 1, 2012) *report and recommendation adopted*, No. 1:09-cv-742, 2012 WL 9703088 (M.D.N.C. May 7, 2012 *aff'd*, 714 F.3d 828 (4th Cir. 2013) (surveying cases and finding that "the sound reasoning of the foregoing decisions warrants the conclusion that § 1658's four-year limitations period applies in this case").

[4] *Middleton*, 578 F.3d at 665. See *Risner v. Haines*, No.6-cv-1953, 2009 WL 4280734, at *7 (N.D. Ohio Nov. 24, 2009) ("The VBIA makes no mention of the application of §4327(b) as retroactive and, as such, the absence of an express indication from Congress is fatal to Mr. Risner's argument."); *Baldwin*, 2012 WL 1405789 at *9 ("Ultimately, the language in section 4327(b) falls far short of constituting an 'unambiguous directive' or 'express command' that it retroactively revives time-barred claims.") (quoting *Landgraf v. USI Film Prods*, 511 U.S. 244, 265 (1994)).

If Congress wanted the October 2008 amendment to apply retroactively, it should have said that, particularly given that "the presumption against retroactive legislation is deeply rooted in our jurisprudence."[5] Thus, Keene's USERRA claims, arising as they do before the October 2008 amendments, are subject to the four-year limitations period in § 1658.

## II.     Tolling

Not all is lost for Keene, however. The Servicemembers Civil Relief Act includes a tolling provision stating that "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court."[6] Therefore, the period when Keene was on active military service cannot be included in the calculation of the limitations period.

According to the complaint, Keene was on active military service from approximately March 2010 through November 2013.[7] The earliest violations he alleges occurred in April 2008.[8] Because the four-year statute of limitations was therefore tolled for the three years and eight months between March 2010 and November 2013, Keene's complaint filed on March 13, 2014 was timely.

## III.    Liquidated Damages

Keene's fourth cause of action is essentially a claim for liquidated damages. As Defendants rightly point out, a claim for liquidated damages is not a cause of action; it is a prayer for relief.[9] Thus, the fourth claim cannot survive as an independent source of liability and must be dismissed.[10]

---

[5] *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). *See also Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 946 (noting that the "time-honored" presumption against retroactivity should be applied "unless Congress has clearly manifested its intent to the contrary").

[6] 50 U.S.C. § 526.

[7] (Dkt. #1 at ¶¶ 35, 37-39.)

[8] (*Id.* at ¶ 19.)

[9] (Dkt. #16 at 3-4.)

## CONCLUSION

**IT IS HEREBY ORDERED** that the Defendants' Partial Motion to Dismiss (**Dkt. #13**) is **DENIED** as to the statute of limitations but is **GRANTED** as to Plaintiff's Fourth Cause of Action.

Dated: December 18, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[10] *See Freeto v. Loan Serv. LP*, No. 3:09-cv-754, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction because those remedies may only "be afforded to a party after he has sufficiently established and proven his claim").